United States District Court
Southern District of Texas
**ENTERED**
April 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|   Plaintiff/Respondent, § | |
| § | |
| v. § | CRIMINAL ACTION NO. 6:22-CR-00001 |
| § | CIVIL ACTION NO. 6:22-CV-00055 |
| OSCAR O. CABRERA, § | |
|   Defendant/Movant. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Oscar O. Cabrera's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 11), to which the United States of America (the "Government") has responded (Dkt. No. 17).[1] For the reasons stated below, Movant's Section 2255 motion is **DENIED**.

## I. BACKGROUND

In 2020, Movant was convicted of illegal reentry in Case No 3:20-CR-00128 in the District of New Jersey and sentenced to 8 months' imprisonment, to be followed by 3 years' supervised release. The Judgment provided: "If, at any time, the defendant illegally reenters the United States during the term of supervised release, his illegal reentry will be a violation of supervised released, as well as a violation of law." (Dkt. No. 1, p. 4).

Movant was released from prison on May 14, 2021, and was removed from the United States one week later. While on supervision, he entered the United States illegally and was found in Victoria, Texas, on October 20, 2021. He was convicted of illegal reentry

---

[1] Unless otherwise noted, docket entries refer to the criminal case.

in Case No. 6:21-CR-150 in the Southern District of Texas and sentenced to 24 months' imprisonment. Jurisdiction over his supervision was transferred to this Court, and Movant admitted guilt to violating the following conditions of supervision: (1) mandatory condition: commission of a crime – illegal reentry; (2) illegal reentry to the United States during term of supervised release; and (3) failure to remain outside of the United States after deportation. The Court revoked Movant's supervision and sentenced him to 8 months' imprisonment, to be served consecutively to his sentence in 6:21-CR-150. Defense counsel argued for the revocation sentence to run concurrent to the sentence for illegal reentry; however, the Court rejected this argument, explaining, "I very rarely run supervised release sentences concurrent because it's a separate violation as far as I'm concerned. Otherwise, what's the point? . . . And I find it particularly appropriate in this case given how many times he's come back and the fact that it's the exact same offense." (Dkt. No. 15, 1/25/2023 Hrg. Tr. at 8:10–9:22). Judgment was entered April 14, 2022. Movant did not appeal.

On September 2, 2022, Movant filed a "Motion on Concurrent," seeking to run his 8-month revocation sentence concurrent with his 24-month illegal reentry sentence in 6:21-CR-00150. (Dkt. No. 9). The Court denied the motion, explaining: (1) it had no authority to correct Movant's sentence under Federal Rule of Criminal Procedure 36 because the written judgment reflected the oral pronouncement; and (2) to the extent Movant sought to challenge the Bureau of Prisons' calculation of his sentence, he should file a petition under 28 U.S.C. § 2241 in the district where he was incarcerated, after first exhausting his administrative remedies. (Dkt. No. 10).

On October 3, 2022, Movant filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in this Court, seeking to run his 8-month revocation sentence concurrent with his 24-month illegal reentry sentence in 6:21-CR-150. (6:22-CV-40, Dkt. No. 1). The Magistrate Judge recommended that: (1) Movant's filing be liberally construed as a Section 2255 motion and he be ordered to re-file his claims on the proper form; and (2) alternatively, if construed as a Section 2241 petition, it be dismissed for lack of jurisdiction because Movant is not incarcerated in the Southern District of Texas. (*Id.*, Dkt. No. 8). The Court adopted the Magistrate's recommendation and dismissed the Section 2241 petition (*Id.*, Dkt. No. 10, 11).

On November 29, 2022, Movant filed the current motion under 28 U.S.C. § 2255. It is timely.

## II.   MOVANT'S ALLEGATIONS

Movant's Section 2255 motion raises a single claim. He again moves the Court to order that his 8-month revocation sentence in this case run concurrent with his 24-month illegal-reentry sentence in 6:21-CR-00150.

## III.   LEGAL STANDARD

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional

3

rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV. ANALYSIS

The Government argues that Movant's Section 2255 motion should be denied because his sole claim is inadequately pled, procedurally defaulted, and meritless. The Court agrees. First, Movant has failed to allege any error by the Court, defense counsel, or the Government, and he provides no facts or law in support of his claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."). Second, the claim is procedurally defaulted because Movant failed to raise it on direct appeal and has not established "either 'cause' and 'actual prejudice' . . . or that he is 'actually innocent.'" *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier,* 477 U.S. 478, 485 (1986) and *Smith v. Murray,* 477 U.S. 527, 537 (1986)); *see also United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Finally, the Court properly exercised its discretion in running Movant's 8-month revocation sentence consecutive to his 24-month illegal-reentry sentence in 6:21-CR-00150. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009) ("The district court has the discretion to order that a sentence imposed upon the revocation of supervised release run concurrently with or consecutively to other sentences.").

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the Section 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a Section 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.   CONCLUSION

For the foregoing reasons, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 11) is **DENIED**. Movant is further **DENIED** a Certificate of Appealability.

It is SO ORDERED.

Signed on April 4, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**